## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| Richard Weingarten ) | |
| ) | Case No. 20-16815 -JGR |
| Debtor ) | |
| _____ ) | Chapter 11 |
| ) | |
| Stephen J. Klen ) | Adv. Pro. No. 21-01010- JGR |
| Edward J. Klen ) | |
| ) | |
| Plaintiff: ) | |
| ) | |
| V ) | |
| ) | |
| Chee Wei Fong ) | |
| ) | |
| Defendant: ) | |

**DEFENDANT'S REPLY TO RESPONSE [DOC. NO. 27] TO MOTION FOR SANCTIONS UNDER RULE 9011 AND RECOVERY OF ATTORNEYS FEES AND COSTS PURSUANT TO 28 U.S.C. §1927**

Chee Wei Fong ("Defendant"), through her attorneys, Buechler Law Office, L.L.C., files her Rely to Response [Doc. No. 27] to Motion for Sanctions Under Rule 9011 and Recovery of Fees and Costs Pursuant to 28 U.S.C. §1927 as follows:

### I.     OVERVIEW OF REPLY

1. The Response filed herein wholly fails to address the recovery of fees and costs sought under 28 U.S.C. §1927. Instead, the Response focuses upon Rule 11 of the Federal Rules of Civil Procedure, rather than Rule 9011 of the Rules of Bankruptcy Procedure, pursuant to which the Motion is brought. The alleged procedural defects raised in the Response will be addressed below.

1

2. The Response similarly neglects to address the central arguments and merits of the Motion, which is that the Plaintiffs and their counsel knew, or should have known, from the very day of the filing of the Complaint, that it was bared by the absolute litigation privilege and was without any legal merit or factual basis.[1] The litigation privilege has existed at common law for over 300 years

3. Defendant's Motion to Dismiss Complaint, filed on January 18, 2021 [Doc. No. 4] raised the privilege defense and the frivolous nature of the Complaint at the infancy stages of this case.

4. Plaintiff argued in its Response to the Motion To Dismiss filed herein on February 1, 2021 [Doc. No. 8], that there is no litigation privilege, absolute or qualified, in federal courts in Colorado. See Response, [Doc. No.8] at p.2.

5. As this Court found in its December 1, 2021 Order granting the Motion to Dismiss [Doc. No.24] at pages 8 and 9, both Colorado common law and Federal common law provide an absolute litigation privilege and bar to the defamation action brought by the Plaintiffs against the Defendant for alleged statements made during a deposition or Rule 2004 document production. The arguments made by Plaintiffs in the Response was without merit, and the Complaint contrary to established law when filed.

6. As is discussed below, as applied to his case the purpose of the 'safe harbor' provision of Rule 9011 is to allow 21 days for the Plaintiffs to reflect upon the merits of the pleading(s) filed and to voluntarily withdraw or dismiss the Complaint before a motion for sanctions is filed.

---

[1] As set forth in the Motion for Sanctions, on January 14, 2021, undersigned counsel sent the letter attached to the Motion, **Exhibit "1"**, to counsel for the Plaintiffs informing counsel of the litigation privilege and demanding that the Complaint be dismissed by 5:00 pm on Monday January 18, 2021. The deadline was then extended for a full 21 days, see e-mail dated January 18, 2021, **Exhibit "2"** to the Motion. It was made clear in the demand that a motion to dismiss would be filed asserting the privilege and that under Rule 9011, sanctions, fees, and costs would be sought as well. A third warning with a copy of the sanctions motion itself was sent on February 1, 2021 **Exhibit "3"** to the Motion.

7. It is undisputed that on February 1, 2021, in a last attempt to avoid having to seek sanctions, a copy of the to be filed Motion for Sanctions pleading was sent to opposing counsel with a cover e-mail, asking that the Complaint be dismissed and stating that failing to do so would result in the filing of the Motion for Sanctions, see **Exhibit "3"** to the Motion. The Motion attached to the letter, Exhibit 3, was not a draft and was ready to be filed at that time.

8. Because of the tolling agreement entered into between the parties and approved by this Court on March 8, 2021 [Doc. No. 13], the Motion for Sanctions was not filed at that time pending the outcome of attempted global settlement discussions. Those discussions failed in July of 2021 as a result of the Klens unilateral withdraw from the negotiations on July 14, 2021, and a rejection of the agreement tentatively reached and approved by them. The tolling agreement stay was lifted by this Court on July 15, 2021 [Doc. No.16].

9. The only difference between the Motion for Sanctions sent to Plaintiffs' counsel on February 1 2021, **Exhibit "3"**, before the tolling agreement was entered into on March 8, 2021, and the Motion filed with the Court on December 6, 2021 [Doc. No. 28] was the addition of a reference to 28 U.S.C. §1927 and a request to award fees and costs under that statute, a right which has existed at all times. [2]

10. It should be noted that both the Motion to Dismiss filed herein on January 18, 2021 at [Doc. No. 4] and the Reply to the Response to the Motion to Dismiss filed on February 2, 20201 at [Doc. No.10] contain a request for the award of attorney's fees and costs and leave to file an application for fees and costs if the motion to dismiss was granted. The invocation of 28 U.S.C. §1927 is nothing new.

11. 28 U.S.C. §1927 does not contain any safe harbor provisions and the request for fees and

---

[2] At the time the motion for sanction was filed on December 6, 2021, the time period to appeal or move to reconsider this Court's Order of December 1, 2021 had not yet expired.

costs is properly before this Court regardless of its ultimate ruling under Rule 9011.

12. The Plaintiffs have not rebutted in any way the fact that their Complaint was groundless and contrary to existing law and precedent, both at the state and federal law level. They appear to have conceded that issue but not addressing it in their Response.

13. There is similarly no rebuttal to the fact that the Plaintiffs continued to pursue this litigation long after they were notified in January of 2021 by the filing of the Motion to Dismiss [Doc. No. 4] of the frivolous and groundless nature of the action and the existence of the absolute litigation privilege.

## II. INHERENT AUTHORITY OF COURT TO ENTER SANCTIONS

14. Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, both parties and counsel. While seeking to invoke alleged procedural issues with the request under Bankruptcy Rule 9011 for sanctions, the Plaintiffs ignore the fundamental tenant of the law that neither §1927 nor Bankruptcy Rule 11 displace the courts' inherent authority to issue sanctions. As discussed below, the Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) found no basis for the scheme of the statute and the rules to displace the court's "inherent power to impose sanctions" against a party or its attorneys. Whether on motion of a party, or on its own act, this Court may insure that only meritorious and legally justified complaints are filed, or promptly withdrawn when the legal defects are brought to attention of counsel.

15. Although the "American Rule" prohibits the shifting of attorney's fees in most cases, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, see *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, at 258-259, 260.

16. In *Chambers,* supra at pp 33-34, the Supreme Court in upholding the award of attorneys fees and cost as a sanction, outside of either Rule 11 or Section 1927, by the lower Court against a party itself, ruled as follows:

> There is nothing in §1927, Rule 11, or other Federal Rules of Civil Procedure authorizing attorney's fees as a sanction, or in this Court's decisions interpreting those other sanctioning mechanisms, that warrants a conclusion that, taken alone or together, the other mechanisms displace courts' inherent power to impose attorney's fees as a sanction for bad-faith conduct. Although a court ordinarily should rely on such rules when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task.
>
> The District Court did not abuse its discretion in resorting to the inherent power in the circumstances of this case. Although some of Chambers' conduct might have been reached through the other sanctioning mechanisms, all of that conduct was sanctionable. Requiring the court to apply the other mechanisms to discrete occurrences before invoking the inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the rules themselves.

17. The Defendant believes that the filing of a frivolous and groundless defamation and exception from discharge complaint, and maintaining it long after the defects were brought to the attention of Plaintiffs and their counsel, are the hallmarks of bad faith actions.

18. In his Motion, Fong has identified attorneys fees and costs he has incurred to date in the amount of $5,781.00, which were incurred solely as the result of defending this baseless and legally barred claim(s) for relief asserted in this adversary. Those fees and cost are modest, but none-the-less wholly unnecessary. This Court has the inherent authority to order both the Plaintiffs themselves, and their counsel, jointly and severally, to pay those fees and costs, and the fees and costs of this Reply and any further proceedings.

19. Weingarten also requests as a sanction against the Plaintiffs the amount of $10,000 each for their vexatious and harassment actions, and $10,000 against counsel to curtail further frivolous and vindictive litigation. This Court similarly has the inherent power to enter such a sanction, against the attorney who knowingly filed and then prosecuted a frivolous complaint, or the parties themselves who verified the Complaint and who control their counsel and her actions.

### III.     28 U.S.C. § 1927 FEES AND COSTS

20. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

21. This statute "was designed to compensate victims of abusive litigation practices." *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n,* 886 F.3d 863, 872 (10th Cir. 2018). "[Section] 1927 **does not require a finding of bad faith**." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008).

22. "When dealing with a lawyer, the courts 'are entitled to demand that an attorney exhibit some judgment. **To excuse objectively unreasonable conduct by an attorney would be to state that one who acts with an empty head and a pure heart is not responsible for the consequences.**" (emphasis added) *B. Willis, C.P.A., Inc. v. Pub. Serv. Co. of Oklahoma*, 511 F. App'x 753, 756 (10th Cir. 2013) (quoting Hamilton, 519 F.3d at 1202). Therefore, "**any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable**." *Hamilton,* 519 F.3d at 1202 (emphasis added) (internal quotation marks omitted).

23. The duty continues beyond merely filing a Complaint, but also includes the duty to withdraw or dismiss the complaint or motion if it is contrary to controlling legal precedents. See,

*DMA International Inc. v. Quest Communications International Inc.*, 585 F.3rd 1341 (10th Cir 2009), where the Court in upholding an award of fees and costs against an attorney under §1927 for filing a complaint in civil court despite a mandatory arbitration clause in the contract, and then maintaining a baseless legal argument over enforcement of that arbitration clause, stated as follows:

> Thus, one who "assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail" does so at the risk of being sanctioned. Id. (quoting *B.L. Harbert International LLC v. Hercules Steel Co.*, 441 F.3d 905 at 913 (11th Cir. 2006).

24. In the present case the actions of Plaintiffs' counsel in filing this case when the law against it was clear, then pursuing the litigation after having the benefit of months of time to re-consider its merits, all while a tolling agreement was in place, and then to force the matter to a hearing and oral arguments, was objectively in violation of counsel basic duties as an officer of the Court.

25. The conduct also violates the basic duties and obligations of counsel required under Bankruptcy Rule 9011 when signing a pleading, which at a minimum is not to file or pursue actions barred by statute, common law, or controlling legal precedent.

26. By forcing the Defendant to file his motion to dismiss, present oral arguments, and file the sanctions motion, the estate has incurred unnecessary attorneys fees and costs defending this adversary.

27. By fostering this litigation well beyond the point where it should have been voluntarily dismissed, the actual attorneys fees and costs incurred by the Defendant of $5,865.00 is recoverable from counsel for the Plaintiffs as set forth in 28 U.S.C. §1927. In addition to the above fees and costs, additional time may be incurred in the preparation of this motion and any

future hearings.

## IV. RULE 9011 APPLICATION AND SAFE HARBOR COMPLIANCE

28. There is no doubt that Rule 9011(b) of the Federal Rules of Bankruptcy Procedure, which is the bankruptcy counterpart to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), applies to the signed Complaint and all other pleadings filed in this case.

29. As the Rule itself provides, in presenting a pleading to the court, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that: (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

30. Relevant to the request for sanctions, Rule 9011(c) further provides that, if after notice and a reasonable opportunity to respond, the court determines that Rule 9011(b) has been violated, the court may, subject to certain conditions, impose an appropriate sanction upon the attorney, law firm, or party that has violated Rule 9011(b) or is responsible for the violation.

31. The Plaintiffs argue that the Motion for Sanctions should have been filed before the Motion to Dismiss was granted. Nothing in Rule 9011(b) requires the filing of a sanctions motion before the sought after ruling, in this instance the dismissal of the Complaint, is ruled

8

upon. What the rules does require is that a copy of the motion be sent to opposing counsel with a 21 day window to withdraw the offending pleading before the motion itself is actually filed with the Court. That requirement was satisfied by the Defendants actions of February 1, 2021, Exhibit "3". Indeed, the Plaintiff had over 9 months to withdraw or dismiss the Complaint.

32. In the present case a copy of the motion for sanctions and a 21 days notice of grace period to dismiss the Complaint were provide to the Plaintiffs on February 1, 2021. The Motion for Sanctions could not be filed with the Court while the tolling agreement was in place, that delay worked to the benefit of the Plaintiffs who had more than 5 months to reconsider the merits of its Complaint. They took absolutely no action.

33. The filing of the Motion for Sanctions on December 6, 2021 did not surprise the Plaintiffs in any fashion nor deprive them of a full 21 days to withdraw or dismiss their Complaint. The fullest of the notice requirement of Bankruptcy Rule 9011 was met, if not greatly exceeded, the Plaintiffs having 9 months to act.

34. The Tenth Circuit case of *Roth v. Green*, 466 F.3rd 1179 (10th Cir 2006) does not control this mater as argued by the Plaintiffs. First, it is a case that applies F.R.C.P. Rule 11 and not Bankruptcy Rule 9011. More importantly, it deals with a situation where no motion for sanctions was circulated to opposing party at least 21 days before the sanctions motion was filed as required by F.R.C.P. Rule 11(c) (1)(A). See *Roth*, supra at 1192-1193.

35. The Plaintiffs wrongly cite *Roth* for the proposition that under no circumstances may a motion for sanctions be filed under Bankruptcy Rule 9011 once the motion to dismiss has been granted. In *Roth*, since no motion for sanctions had been previously circulated, and the underlying case dismissed in its entirety, it was too late to now file a sanctions motion. See *Roth*, supra at 1192-1193.

36. The facts in *Roth* are not the facts of the present case where more than adequate notice of the filing of the actual motion was given, and Plaintiffs had more than the required 21 days notice to dismiss the Complaint before sanctions were formally sought. The fact that the motion to dismiss was ultimately granted should not be used as a basis to deny the sanctions requested.

**WHEREFORE**, Defendant prays that this Court enter its award of attorney fees as authorized by 28 U.S.C. §1927 against counsel for the Plaintiffs in the amount of $5,781.00, for Rule 9011 fees and costs of a similar amount against, plus sanctions against the Plaintiffs of $10,000 each, for Rule 9011 sanctions against Plaintiffs' counsel and her law firm of $10,000, and for such further relief as the Court deems just and appropriate under the circumstances.

DATED: December 23, 2021.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/ Michael J. Guyerson*

Michael J. Guyerson, #11279
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
mike@kjblawoffice.com
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 23, 2021, I served by prepaid first class mail [or (other acceptable means, i.e. via hand delivery] a copy of the **Defendant's Reply to Response To Motion for Sanctions** pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

**VIA U.S. MAIL and/or Email:**
Chee Wei Fong
3751 W. 136th Avenue, Unit S2
Broomfield, CO 80023

Richard E. Weingarten
1133 Northridge Drive
Erie, CO 80516

**Via CM/ECF:**

| UST – Alison Goldenberg | Ingrid J. DeFranco |